# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| nCAP LICENSING, LLC, et al., ,<br><br>Plaintiff,<br>v.<br><br>APPLE INC., ,<br><br>Defendant. | MEMORANDUM DECISION GRANTING JOINT MOTION FOR PROTECTIVE ORDER<br><br>Case No. 2:17CV00905<br><br>District Judge Robert J. Shelby<br><br>Magistrate Judge Brooke Wells |

Before the court is the parties' Joint Motion for Entry of a Protective Order, [ECF No. 91]. Having considered the Motion, and good cause appearing therefore, the Court hereby **GRANTS** the Motion.

The parties submitted a proposed agreed protective order.[1] The parties agreed on all provisions of the proposed agreed protective order except: (1) the treatment of Computer Aided Design (CAD) files; and (2) bar on acquiring and prosecuting patents and patent related to antenna technology. With regard to these issues, Apple proposed language in red and nCAP in blue. The parties also attached protective orders entered in district courts in the Fifth and Ninth Circuits to support their respective positions and proposals.[2] The attached protective orders do not appear to involve the Accused Products in this case. In addition, the attached protective orders do not provide any factual background or legal analysis from the issuing courts regarding any of the provisions contained in the orders. In fact, with the exception of ECF No. 91-3, all of the attached protective orders were stipulated to by the parties in those cases. Finally, none

---

[1] *See* ECF No. 91-1 and 91-9.

[2] *See* ECF Nos. 91-3, 91-4, 91-6, and 91-7.

of the attached protective orders are binding authority on this court. Accordingly, the court looked to the parameters of Rule 26 and the local rules in reviewing the parties' respective requests and proposals.

CAD Files[3]

After reviewing the parties' arguments and proposals, the court concluded: (1) any Source Code, including CAD files, produced by either party shall be made available for inspection at the office of the respective Outside Counsel, or a Third Party Neutral, mutually agreed by the parties; (2) that given the other protections in the protective order, no numeric limits on printing of images from CAD files should be imposed; (3) that nCAP should be permitted to make Derived Materials from the CAD files, with the assistance of a Neutral-Third Party Vendor, mutually agreed upon by the parties, and the Derived Materials should be Bates Numbered and produced to Apple, with nCAP bearing all costs and fees regarding the making of the Derived Materials; and (4) that for the convenience of the parties and the court, the producing party should make its Source Code available in the city of the trial beginning 10-business days prior to trial.

Prosecution Bar

Apple may impose a bar on acquiring and prosecuting patents and patent applications related to antenna technology; however, nCAP's Outside Counsel may establish an ethical wall in order to access their ability to advise current or potential clients on certain patent acquisitions.

The court has edited the proposed agreed protective order to reflect these findings. The final protective order will be entered separately as ECF No. 187.

---

[3] In the proposed agreed upon protective order, CAD files are included in the definition of "Source Code."

DATED this 1 November 2018.

_____
Brooke C. Wells
United States Magistrate Judge