# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| nCAP LICENSING, LLC, nCAP TELECOMMUNICATIONS LLC, nCAP MEDICAL, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>APPLE INC.,<br><br>Defendant. | **ORDER GRANTING IN PART PLAINTIFFS nCAP's MOTION TO COMPEL**<br><br>Case No.: 2:17-cv-00905-RJS-BCW<br><br>District Judge Robert J. Shelby<br><br>Magistrate Judge Brooke C. Wells<br><br>**JURY TRIAL DEMANDED** |

This matter was referred to Magistrate Brooke C. Wells by District Judge Robert J. Shelby pursuant to 28 U.S.C. 636(b)(1)(A).[1] Before the court is Plaintiffs nCAP Licensing, LLC, nCAP Telecommunications, LLC and nCAP Medical, LLC's Short Form Motion to Compel Apple's Complete Responses to Interrogatory Requests.[2] Defendant opposes the motion.[3] After reviewing the parties' memoranda, pursuant to DUCivR 7-1(f), the court has determined oral argument is unnecessary. The court hereby GRANTS, the motion IN PART.

## DISCUSSION

The Federal Rules of Civil Procedure govern discovery in federal civil actions. Federal district courts have broad discretion over discovery.[4] Rule 26 provides that parties:

---

[1] ECF No. 47.
[2] ECF No. 84.
[3] ECF No. 86.
[4] *See Morales v. E.D. Etnyre & Co.,* 229 F.R.D. 661, 662 (D.N.M. 2005) (citing cases).

may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.[5]

Information within the scope of discovery need not be admissible in evidence at trial to be discoverable.[6] Under Rule 26(c), a court on its own, or via motion, may limit discovery.[7] Such limitations help prevent discovery that is unreasonably cumulative or duplicative and encourages parties to obtain discovery from convenient less burdensome inexpensive sources.[8] Finally, in patent law suits, the court also relies on the Local Patent Rules to address discovery disputes.

At this juncture, the deadline to complete fact discovery was extended by the court until November 19, 2018,[9] Plaintiff's Final Infringement Contentions are due 21 days after the court rules on pending discovery motions,[10] and Defendants' Final Infringement Contentions are due 45 days after Plaintiff's.[11]

### I. Interrogatories

There are three interrogatories at issue in the current motion. Interrogatory No. 4 seeks to obtain information regarding "patent license agreements" that may be at issue in this cause of action.[12] Interrogatory No. 5 states: "Identify and describe all factual circumstances, including

---

[5] Fed. R. Civ. P. 26(b) (2018).
[6] *See id.*
[7] Fed. R. Civ. P. 26(c) (A court may issue a protective order "for good cause ... to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.").
[8] *See id.*
[9] ECF No. 128.
[10] ECF No. 89.
[11] ECF No. 126.
[12] *See* ECF No. 84-1.

the identity of all persons who have knowledge related to the information requested in this interrogatory, research groups, or departments, surrounding how you learned about the persons, events and details in Plaintiff's Complaint."[13]  Finally, Interrogatory No. 7 seeks information regarding Defendant's "most acceptable" non-infringing alternative.[14]  Defendant opposes the motion on the basis that the parties are in "the middle of discovery," it will supplement its responses, and the topics in dispute pertain to damages not the infringement contentions at issue.[15]

Regarding Interrogatory No. 4, the court grants the motion to compel with the following limitation.  Apple should identify patent license agreements that pertain to technology similar or comparable to Plaintiff's Accused Instrumentalities from 2011 to the present.  The court finds this information is relevant and proportional.[16]  As to Interrogatory No. 5, the court denies the motion to compel.  The request is vague, ambiguous and overly broad.  There is no definition for the terms "all persons," "departments" or "events."  Apple has hundreds of thousands of employees who could qualify under a broad definition of these terms.  Finally, the court grants the motion to compel as to Interrogatory No. 7.  The parties are no longer in the "early stages of discovery."  By

---

[13] *Id.*
[14] *Id.*
[15] ECF No. 86.

[16] The court notes some of the authority cited by Apple is distinguishable from this case.  For example, in *Probert v. Clorox*, 258 F.R.D. 491, 499-500 (D. Utah 2009), the court concluded only license information "comparable" to the patent at issue was discoverable.  And after reviewing Defendant's license information in-camera, the court concluded none of that information was relevant because "none of these licenses encompass disinfecting technology." Here, Apple has not identified or produced any licensing information. Moreover, the court notes that LPR 1.7 expressly provides that a party may not object to a discovery request required to be disclosed by FRCivP 26(a)(1) because disclosure is "premature" unless they are premature under the timetable provided in the Patent Rules.  The parties have already exchanged their initial infringement contentions.  Thus, they now need to cooperate in discovery in order to prepare their final infringement contentions.

now the Defendant should have information related to "available alternatives" to the alleged infringement patents in this suit. The court finds this information is relevant and proportional to Plaintiff's claims.

## CONCLUSION AND ORDER

Based upon the foregoing it is hereby ORDERED that Plaintiff's short form discovery motion is GRANTED IN PART. Defendant is to provide responses to interrogatories 4 and 7, as amended by the court, within ten (10) days from the date of this decision.

DATE: November 1, 2018.

_____
Brooke C. Wells
United States Magistrate Judge