# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| nCAP LICENSING, LLC, nCAP TELECOMMUNICATIONS LLC, nCAP MEDICAL, LLC,<br><br>      Plaintiffs,<br><br>vs.<br><br>APPLE INC.,<br><br>      Defendant. | **ORDER DENYING DEFENDANT'S MOTION TO COMPEL**<br><br>Case No.: 2:17-cv-00905-RJS-BCW<br><br>District Judge Robert J. Shelby<br><br>Magistrate Judge Brooke C. Wells<br><br>**JURY TRIAL DEMANDED** |

      This matter was referred to Magistrate Brooke C. Wells by District Judge Robert J. Shelby pursuant to 28 U.S.C. 636(b)(1)(A).[1] Before the court is Defendant Apple Inc.'s (Apple) Short Form Discovery Motion to Compel Plaintiffs to Supplement Their Response to Interrogatory No. 14,[2] which was filed on July 12, 2018. Plaintiff opposes the motion.[3] After reviewing the parties' memoranda, the court hereby DENIES the motion as moot.

## DISCUSSION

      The Federal Rules of Civil Procedure govern discovery in federal civil actions. Federal district courts have broad discretion over discovery.[4] Under Rule 26(c), a court on its own, or via motion, may limit discovery.[5] Such limitations help prevent discovery that is unreasonably

---

[1] ECF No. 47.
[2] ECF No. 98.
[3] ECF No. 113.
[4] *See Morales v. E.D. Etnyre & Co.,* 229 F.R.D. 661, 662 (D.N.M. 2005) (citing cases).
[5] Fed. R. Civ. P. 26(c) (A court may issue a protective order "for good cause ... to protect a party

cumulative or duplicative and encourages parties to obtain discovery from convenient less burdensome inexpensive sources.[6] Finally, in patent law suits, the court also relies on the Local Patent Rules to address discovery disputes.

I. <u>Interrogatory No. 14</u>

Apple sought to compel Plaintiff to supplement its response to Apple's Interrogatory No. 14.[7] Apple had three major concerns with Plaintiff's previous responses: (1) nCAP had not explained how one of the antennas in the prior art iPad differed from the alleged infringing iPads; (2) nCAP had not provided substantive analysis regarding an enclosed picture of an antenna component; and (3) nCAP did not provide a contention as to how the prior art, regarding iPhones, did not include an "enhancer" adjacent to" an antenna under the asserted claims.[8]

Apple filed the pending motion to compel on July 12, 2018. On July 19, 2018, nCAP served a Third Supplemental Response to Interrogatory No. 14. This response specifically addressed Apple's three concerns referenced above and provided nine pages of additional material, including new photographs and diagrams.[9] Accordingly, Plaintiffs oppose the motion as moot.[10] In this motion, Apple did not specifically address how the third supplementation is defective. Thus, it appears the gist of Apple's concerns have been resolved. After reviewing Plaintiff's third supplementation, the court finds Plaintiffs' third supplementation addressed the concerns Apple sought to resolve through this motion. Accordingly, the court finds this motion is

---

or person from annoyance, embarrassment, oppression, or undue burden or expense.").
[6] *See id.*
[7] It appears Plaintiff had served a thirteen-page Second Supplemental Response to Interrogatory No. 14 on July 7, 2018. *See* ECF No. 100-1.
[8] *See* ECF No. 98.
[9] *See* ECF No. 115-1.
[10] *See* ECF No. 113.

moot, and thus DENIES the same.

## CONCLUSION AND ORDER

Based upon the foregoing it is hereby ORDERED that Defendant's short form discovery motion [ECF No. 98] is DENIED as moot.

DATE: November 14, 2018.

_____
Brooke C. Wells
United States Magistrate Judge