# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| nCAP LICENSING, LLC, nCAP TELECOMMUNICATIONS LLC, nCAP MEDICAL, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>APPLE INC.,<br><br>Defendant. | **ORDER DENYING DEFENDANT'S MOTION TO COMPEL**<br><br>Case No.: 2:17-cv-00905-RJS-BCW<br><br>District Judge Robert J. Shelby<br><br>Magistrate Judge Brooke C. Wells<br><br>**JURY TRIAL DEMANDED** |

This matter was referred to Magistrate Brooke C. Wells by District Judge Robert J. Shelby pursuant to 28 U.S.C. 636(b)(1)(A).[1] Before the court is Defendant Apple Inc.'s (Apple) Short Form Discovery Motion to Compel Production of Withheld Valuations of the Patent-in-Suit and Improperly Redacted Information,[2] which was filed on July 12, 2018. Plaintiff opposes the motion.[3] After reviewing the parties' memoranda, the court hereby DENIES the motion and orders the parties to exchange privilege logs within 14 days of this order.

## DISCUSSION

The crux of the dispute between the parties is the applicability of the work product privilege[4] to two categories of information and documents: (1) valuations of the patent-in-suit;

---

[1] ECF No. 47.
[2] ECF No. 95.
[3] ECF No. 109.
[4] In their original discovery responses, Plaintiffs asserted both the attorney-client privilege and the work-doctrine privilege as objections to Interrogatory No. 5 and Request No. 18. *See* ECF

and (2) documents created by a third party and distributed to potential third party investors. Apple correctly argues this information may be relevant to damages. In support of its motion, Apple provided the court with a list of 16 allegedly improper redactions in nCAP documents.[5] Only one exemplar-nCAP0008349-8383, which contains two redactions, was provided to the court.[6] The redacted material appears to relate to pending litigation and pro forma financials. In response, nCAP argues the redacted information is protected by the work-product doctrine.

Ordinarily, a party may not discover information and documents prepared in anticipation of litigation or for trial, unless they are otherwise discoverable under Rule 26(b)(4), or the requesting party shows it has a substantial need for the materials to prepare its case and cannot without undue hardship obtain their equivalent by other means.[7] Here, based on the representations made by nCAP, it appears the offering memorandum,[8] the only exemplar provided to the court, may have been prepared for mixed purposes. Under the mixed purposes doctrine, the work product privilege is applicable only "if the primary motivating purpose behind the creation of the materials was to assist in pending or impending litigation."[9] "This test restrains the work product privilege to its intended area—the attorney's workplace, in litigation preparation and strategy."[10] Thus, it is well established that "if there is an independent sound

---

No. 95-1 and 95-2. However, in its opposition, Plaintiffs focused their argument on the work product doctrine. *See* ECF No. 109.
[5] *See* ECF No. 97-2 at 2.
[6] *Id.*
[7] F.R.Civ.P. 26(b)(3)(A).
[8] *See* ECF No. 97-2. The offering memorandum, which contains two redactions, is the only document attached Apple's motion and is thus the only document the court reviewed, albeit with the redactions.
[9] *McEwen v. Digitran Sys., Inc.*, 155 F.R.D. 678, 682 (D. Utah 1994).
[10] *Adams v. Gateway, Inc.*, No. 2:02-CV-106 TS, 2003 WL 23787856, at *9 (D. Utah Dec. 30, 2003).

reason for the document's creation–a business purpose–and the document does not reflect the assembly and sifting of information by counsel, or preparation and legal strategy, then there should be no 'work product' protection."[11]

Here, it is undisputed the parties have not exchanged privilege logs, nor has the court conducted an in-camera review of any of the disputed redactions. Without a privilege log, it is difficult for the court to ascertain if the work product privilege applies to the information and documents at issue, or any other pending discovery. Accordingly, the court orders the parties to exchange privilege logs within 14 days of the entry of this order. The court also instructs the parties to carefully assess whether the work product doctrine, as explained above, applies to their respective documents and productions. The court recognizes it may need to conduct an in-camera review if the parties are unable to resolve this dispute among themselves. Until there is an exchange of privilege logs, and the parties have the ability to properly assess whether any asserted objections or privileges are improperly asserted, the court DENIES the pending motion.

## CONCLUSION AND ORDER

Based upon the foregoing it is hereby ORDERED that Defendant's short form discovery motion [ECF No. 95] is DENIED at this time.

DATE: November 15, 2018.

_____
Brooke C. Wells
United States Magistrate Judge

---

[11] *Id*. at *10.