IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| NCAP LICENSING, LLC., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> APPLE, INC., <br><br> Defendant. | MEMORANDUM DECISION AND ORDER GRANTING SUMMARY JUDGMENT FOR DEFENDANT <br><br> Case No. 2:17-cv-905 <br><br> Howard C. Nielson, Jr. <br> United States District Judge |

On August 22, 2025, the court issued its Sealed Memorandum Decision and Order granting Apple's request to exclude Dr. Long's opinion that the adhesive used in the accused iPhones emits electromagnetic radiation and is thus a radiating antenna element. *See* Dkt. No. 551. As explained in that order, the court is not aware of any meaningful evidence, other than Dr. Long's opinion, that supports nCap's theory that the adhesive not only serves a grounding function but also emits electromagnetic radiation in the accused iPhones. *See id.* at 17. The court accordingly informed the parties that it is inclined to grant summary judgment in favor of Apple under Federal Rule of Civil Procedure 56(f) and ordered nCap to show cause why the court should not do so. *See id.* at 17–18.

On September 12, 2025, nCap responded to the court's order. *See* Dkt. No. 553. nCap stated its position that "the evidence" excluded by the court "comprises admissible evidence from which a jury could find that the accused products meet the 'radiating antenna element' limitation of the asserted claims." *Id.* at 1.[1] Despite asserting its "conten[tion] that summary judgment is not warranted," nCap made no additional arguments and represented that it "does not have any additional evidence to submit in response to the Exclusion Order." *Id.* at 2.

Based on its August 22, 2025 order and nCap's failure to identify any evidence that could be presented in a form admissible at trial that could support a reasonable jury's finding that the adhesive used in the accused iPhones emits electromagnetic radiation and is thus a radiating antenna element, the court concludes "that there is no genuine dispute as to any material fact" and that Apple "is entitled to judgment as a matter of law." Fed. Rule Civ. Proc. 56(a). The court accordingly grants summary judgment for Apple under Federal Rule of Civil Procedure 56(f).

---

[1] The court understands nCap's statement as registering its disagreement with the court's determination that Dr. Long's proffered opinion that the adhesive in the accused iPhones emits electromagnetic radiation is inadmissible under Federal Rule of Evidence 702. To the extent nCap means to argue that the evidence on which Dr. Long based his opinion could independently support a reasonable jury's finding that the adhesive emits electromagnetic radiation, the court disagrees. To draw such an inference from the evidence on which Dr. Long relied would require technical and scientific knowledge beyond a lay jury's ken. *See Nelson v. Brames*, 241 F.2d 256, 257 (10th Cir. 1957) (stating "the general rule that expert testimony is appropriate when the subject of inquiry is one which jurors of normal experience and qualifications as laymen would not be able to decide on a solid basis without the technical assistance of one having unusual knowledge of the subject by reason of skill, experience, or education in the particular field"); *Centricut, LLC v. Esab Grp., Inc.*, 390 F.3d 1361, 1369–70 (Fed. Cir. 2004) (recognizing that "relevant expert testimony regarding matters beyond the comprehension of laypersons is sometimes essential" and that "'typically' expert testimony will be necessary in cases involving complex technology") (cleaned up). Further, for essentially the same reasons it found Dr. Long's opinion unreliable, the court concludes that, even if a jury had the technical and scientific knowledge to evaluate the evidence underlying Dr. Long's opinion without expert guidance, it could not reasonably infer from that evidence that the adhesive used in the accused iPhones emits electromagnetic radiation.

**IT IS SO ORDERED.**

DATED this 30th day of September, 2025.

BY THE COURT:

_____
Howard C. Nielson, Jr.
United States District Judge